[No. 12778.   Department Two.   January 5, 1916.]

THOMAS ANDERSON, *Respondent*, v. PUGET SOUND TRACTION, LIGHT & POWER COMPANY, *Appellant*.[1]

STREET RAILROADS—COLLISION AT CROSSING—NEGLIGENCE—EVIDENCE —SUFFICIENCY. Recovery for personal injuries, when plaintiff's automobile was hit by a street car, is sustained, where it appears, that, when plaintiff first attempted to cross the street car tracks ahead of the approaching street car, he had ample room and time to do so before the car reached the crossing, but, as he drove on the track, he was prevented from doing so by another auto truck turning in front of him and, had the motorman been alive to the changed condition, he could have prevented the collision; there being nothing to indicate contributory negligence.

Appeal from a judgment of the superior court for King county, Ronald, J., entered November 6, 1914, upon findings in favor of the plaintiff, in an action in tort. Affirmed.

*James B. Howe* and *A. J. Falknor*, for appellant.

*E. L. Skeel* and *W. M. Whitney*, for respondent.

MORRIS, C. J.—Action for personal injuries growing out of a collision between one of appellant's cars and an auto truck driven by respondent. The cause was tried to the

[1]Reported in 154 Pac. 135.

court without a jury, resulting in a judgment for plaintiff, from which this appeal is taken.

The place of the accident was at the intersection of Terry avenue and Howell street, in the city of Seattle. It is clear from the testimony that, when respondent first attempted to cross the street car tracks, there was ample 'room and time for him to do so before the car would reach the crossing. This fact was assumed by both the motorman and respondent, and each acted accordingly. Just as respondent drove upon the track he was confronted with a new situation, caused by another auto truck going west turning in front of him in an attempt to pass a slow-going milk wagon going in the same direction. Respondent would have passed in front of this milk wagon had it not been for the approach of the other truck, or had the truck remained behind the milk wagon in the relative position it was when first observed by respondent. The sudden change of course of this auto truck prevented respondent from continuing his passage across the tracks, and in order to avoid a collision with it, he stopped his auto with its front wheels resting on the south rail of the inbound car track, in which position the car hit him.

The evidence supports the theory of the lower court that, had the motorman been alive to this changed situation necessitating a change in action, he could have prevented the collision, and not having done so, negligence was established. We find nothing in the case to establish appellant's theory of contributory negligence.

The judgment is affirmed.

HOLCOMB, MAIN, PARKER, and ELLIS, JJ., concur.